**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN E. CRAIG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-2255-DDN |
| | ) | |
| STE. GENEVIEVE DETENTION | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Brian E. Craig (registration no. 55209) for leave to commence this action without payment of the required filing fee [Doc. #4].[1]

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of

---

[1]The Court notes that the complaint [Doc. #1] lists two plaintiffs in the caption: Brian E. Craig and Kenneth Perkins.  Both Craig and Perkins signed the complaint; however, the allegations are presented in the first person singular, and apparently only refer to plaintiff Craig.  Moreover, the $350 filing fee has not been paid, and only plaintiff Craig has filed a motion for leave to proceed in forma pauperis and a prison account statement [Docs. #3 and #4].  In light of these circumstances, as well as the fact that this action will be dismissed as legally frivolous, the Court will strike Kenneth Perkins as a party-plaintiff to this action and will consider Brian E. Craig to be the sole plaintiff.

20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted a copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $53.33, and an average monthly balance of $.48.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $10.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, a resident at the Fulton State Hospital,[2] seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983.  Named as defendants are the Saint Genevieve Detention Center, Attorney General's Office, and Public Defender's Office.  Plaintiff alleges that the Saint Genevieve Detention Center sent copies of his outgoing mail to the Attorney General's Office, and although the Public Defender's Office was aware of this, "nothing was filed or done to settle this issue."  Plaintiff claims that the mail was subsequently used against him in an underlying state action and that defendants thereby violated his right to a fair trial.

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court finds that the complaint is legally frivolous as to defendants Attorney General's Office and Public Defender's Office, because these are not suable entities under § 1983.  Moreover, a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity, *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996), and public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  *See also Smith v. Delo*, 995 F.2d 827, 830 (8th Cir. 1993)(prison officials are justified in screening outgoing non-legal mail for escape plans, contraband, threats, or evidence of illegal activity); *Gassler v. Wood*, 14 F.3d 406 (8th Cir. 1994)(no First Amendment violation where prison employee sent photocopies of plaintiff's outgoing non-legal mail to state special agent).

---

[2]The Court notes that when plaintiff Brian Craig originally filed this action, he was a Missouri inmate, confined at the Saint Genevieve Detention Center.

The complaint is also legally frivolous as to defendant Saint Genevieve Detention Center, because jails are not suable entities. *See Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D.Va. 1992)(local jails are not "persons" under § 1983).

For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Brian E. Craig's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Brian E. Craig shall pay an initial filing fee of $10.67 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Kenneth Perkins is **STRICKEN** as a party-plaintiff to this action.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

-4-

Dated this 13th day of February, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE